RONALD E. MORT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mort v. Commissioner
Docket No. 2767-74.
United States Tax Court
T.C. Memo 1975-109; 1975 Tax Ct. Memo LEXIS 267; 34 T.C.M. (CCH) 524; T.C.M. (RIA) 750109; April 21, 1975, Filed. Ronald E. Mort, pro se. Robert J. Percy and Stephen R. Takeuchi, for respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1972 in the amount of $614.94. The issues for decision are (1) whether petitioner is entitled to dependency exemptions of $750 for each or any of his four minor children for the calendar year 1972; (2) whether petitioner is entitled to compute his tax for the calendar year 1972 as an unmarried head of household. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, who resided in Wheeling, West Virginia at the time the petition in this case was filed, filed his individual income tax return, Form 1040, for the calendar year 1972 with the Cincinnati Service Center. On March 18, 1960, petitioner and Anita L. Mort (Anita) were married in Winchester, Virginia. Petitioner and Anita have four children: Ronald J., John F., April L., and Edward A., who were 11, 9, 7, and 4 years old, respectively, at the end of 1972. Petitioner and Anita have been separated *269 since July 1971. When Anita left petitioner, she and the four children moved into a home in Mount Union, Pennsylvania with Anita's mother. Soon thereafter Anita's mother lost her job and Anita applied for welfare assistance. In order to obtain welfare assistance, Anita was required to permit her husband to be sued for support for herself and the minor children. On August 13, 1971, an order was entered by the Intermediate Court of Ohio County, West Virginia in State of West Virginia ex rel Commonwealth of Pennsylvania vs. Ronald E. Mort in which petitioner was ordered to pay to the Clerk of the Circuit Court of Ohio County, West Virginia the sum of $100 per month to begin on the first day of September 1971 "for the support of his wife and minor children," which sum shall be forwarded by the Clerk of the Ohio County Court to the Clerk of the Court of Huntingdon County, Pennsylvania. During 1972 petitioner resided in Wheeling, West Virginia and Anita resided in Mount Union, Pennsylvania. During this year their three children of school age attended school in Mount Union, Pennsylvania. During 1972 petitioner made payments to the Circuit Court of Ohio County, West Virginia totaling $800. *270 The clerk of this court in turn paid this $800 to the Family Division of the Huntingdon County, Pennsylvania court which turned the money over to the Claims Settlement Division of the Welfare Department of Pennsylvania. During 1972 Anita received total cash welfare payments of $3,595. She paid $1,088 in 1972 for food stamps valued at $1,552, making total relief received by Anita in 1972 of $4,059. The $800 paid by petitioner to the Circuit Court of Ohio County, West Virginia was part of the total relief which Anita received. Of the $4,059 in total relief received by Anita in 1972, the Welfare Department of Huntingdon County, Pennsylvania allocated $3,210.20 for the support of the four children. In addition, the Welfare Department paid certain medical expenses for the children, including furnishing eyeglasses for two of them. During 1972 petitioner drove from his residence in Wheeling, West Virginia to Anita's residence in Mount Union, Pennsylvania on 11 occasions and took their 4 children to McVeytown, Pennsylvania for Saturday and Sunday. In addition, during 1972 petitioner drove from his residence in Wheeling, West Virginia to Mount Union, Pennsylvania on four occasions, returning *271 to Wheeling with the four children. The periods of the children's stay at petitioner's residence on the four occasions were June 3 through June 18, June 24 through July 9, July 29 through August 13, and December 22 through December 31. At the conclusion of the children's stay with petitioner on these four occasions, petitioner would drive the children back to Mount Union, Pennsylvania to Anita's home and he would return to Wheeling. All four of the children were in the care of petitioner for a total of 81 days in 1972. In addition, Edward resided with petitioner from November 20 through December 21, an additional 32 days. During the remainder of the year 1972 the four children were in the care of Anita. Anita worked from the middle of July through December of 1972 and earned $1,280 during this period. Petitioner and Anita were divorced on October 9, 1972, by a final divorce decree in and by the Intermediate Court of Ohio County, West Virginia. During the year 1972 petitioner directly spent a total of $2,000 in support of his four children. The amount was spent for clothing and Christmas presents for the children, child care expenses, transportation of the children to restaurants, *272 recreational facilities and for recreational purposes, entertainment for the children, spending money for the children, and food for the children at home and in restaurants when they were in his care. Anita spent in furnishing lodging for the children, food for the children when they were in her care, transportation costs for the children, clothing for the children, babysitting costs for the children, and incidental items such as entertainment, a total of $3,210 in 1972, the amount which she received through the welfare department. Petitioner's total contribution toward the support of his four children in 1972 was at least $2,633, including $633 of the amount he paid to the clerk of the Ohio County, West Virginia court to be paid to Anita through the public welfare department. The amount provided for the support of the children by public welfare in 1972, in excess of the sum which came from petitioner, was $2,577.20 plus a nominal amount of medical costs. Anita signed an agreement entitled "Agreement for 1972 Dependent Exemptions" in which she stated that she agreed for 1972 that petitioner should have the dependency deduction for Federal income tax report for the children. Petitioner, *273 on his 1972 tax return, claimed a $750 dependency exemption for each of his four children and computed his tax on the basis of an unmarried head of household. Respondent in his notice of deficiency disallowed all four of the dependency exemptions claimed by petitioner and determined that petitioner was not entitled to compute his tax as head of a household. ULTIMATE FINDINGS OF FACT 1. Petitioner's and Anita's four children received over one-half of their support from their divorced parents in 1972. 2. Petitioner and Anita were divorced under a decree of divorce in 1972. 3. Petitioner's and Anita's four children were in the custody of their mother for over onehalf of the calendar year 1972. 4. Petitioner was not the parent having custody of the four children during 1972. 5. Petitioner provided over $1,200 for the support of his four children during the calendar year 1972. OPINION Section 152(e)(1), I.R.C. 1954, [1] provides that if a child receives over half of his support from his parents during a calendar year in which his parents are divorced and such child is in the custody of one or both of his parents for more than half of the calendar year, such child shall be *274 treated as receiving over half of his support from the parent having custody for a greater portion of the calendar year unless he is treated under the provision of section 152(e)(2) as having received over half of his support for such year from the other parent. Section 152(e)(2)[2] provides that the child of divorced parents shall be treated as having received over half of his support from the parent not having custody if a written agreement between the parents applicable to the year provides that the parent not having custody shall be entitled to any deduction allowable for the dependency exemption for the child, and such parent not having custody provides at least $600 for the support of the child during the calendar year, or the parent not having custody provides $1,200 or more for the support of all his children for that calendar year, and the parent having custody does not clearly establish that he provided more for such children during the calendar year than the parent not having custody. *275 Here, even though Anita signed the written agreement in January 1975 agreeing that petitioner should have the dependency deduction for 1972, respondent does not contend that this agreement does not comply with the provisions of section 152(e). In fact, on brief respondent specifically states that the only issue is whether more than half of the support of the four children of petitioner and Anita was paid by the welfare department of Pennsylvania in the year 1972. The issue here then, with respect to the dependency exemption, is purely factual. We have analyzed the evidence and concluded that petitioner did pay more toward the support of his four children in 1972 than was paid by the public welfare department. In reaching this conclusion we have not allowed as part of the support payment any costs to petitioner of maintaining a residence where the children stayed when they visited with him, since, under Aaron F. Vance,36 T.C. 547 (1961), such costs are not viewed as part of support furnished by a parent not having custody of the children but merely bringing the children to his home for visits. Neither have we allowed any of the costs of petitioner's driving from *276 his home in Wheeling, West Virginia to Mount Union, Pennsylvania to visit his children or driving from Wheeling to Mount Union to bring the children to visit in his home and returning them to Mount Union. Under the holding of the Vance case and Raymond M. McKay,34 T.C. 1080 (1960), the amount of such costs is not allocable to the children's support. The expenses we have considered as being paid by petitioner for the children's support are the items we have listed which comprise the $2,000 spent directly by petitioner for the support of the children and $633 of the $800 paid by petitioner to the Intermediate Court of Ohio County, West Virginia to be paid over by the Pennsylvania welfare department to Anita. In reaching the $2,000 amount we have included amounts which petitioner spent in taking the children out for meals and for their entertainment. Petitioner did not include these amounts in his statement of expenses of the children. By allocating part of the fair rental value of his house and the cost of his trips to and from Mount Union to see the children and to bring them to and from Wheeling to support of the children, he came to an amount of support furnished *277 by him directly to the children of approximately $2,450 without including any expenses for meals in restaurants, spending money, and entertainment for the children. However, petitioner did testify that he took the children swimming, took them out to eat, and gave them spending money and estimated the cost of these items in 1972. He also testified that he drove the children to the drive-in movies, but there was no charge for the children when an adult paid admission. From petitioner's testimony we have made an estimate of the cost of entertainment, restaurant food, and spending money for the children, and the cost of transportation of the children by petitioner for purposes of their entertainment. In making our determination of the amount Anita spent on support of the children we have considered her cost of maintaining a home for the full year since her home was the children's principal place of abode and have also considered the amount she spent on entertainment and incidentals for the children. Respondent takes the position that of the amount of $800 paid by petitioner to the Ohio County court for the support of the four children only $633 should be allocated to support of the *278 children. Respondent bases his allocation on the allocation of the public welfare department of the total welfare payment between Anita's support and the children's support. Petitioner argues that the entire $800 which he paid to the clerk of the Ohio County, West Virginia court should be considered as his payment for support of the children. Using the $633 which respondent recognizes as paid by petitioner in this manner for support of the children, we find that petitioner paid more than half of the children's support and is entitled to a deduction in 1972 for a dependency exemption for each of them. Therefore, we need not decide whether petitioner is correct in his contention that the total $800 payment should be considered for the support of the children. Section 2(b) provides that an individual shall be considered head of a household only if he is not married at the close of his taxable year and either maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of a child or any other person who is dependent on the taxpayer or maintains a household which constitutes the principal place of abode of his dependent *279 father or mother. Although petitioner's mother at times stayed with petitioner and his children, petitioner specifically testified that he did not maintain a household for her. Petitioner's position is that he maintained a home as a household for his children. From the facts we have set forth in this case it is clear that petitioner's household was not the principal place of abode for his four children during the taxable year 1972. The children lived most of the year with Anita and attended school in Mount Union, Pennsylvania. Edward, who stayed the longest with petitioner during the year 1972, was with petitioner less than one-third of the year and the other children were with petitioner for even less during 1972. Petitioner therefore does not meet the requirement that his house be the household which is the principal place of abode of his children. We sustain respondent's determination that petitioner is not entitled to compute his tax as head of a household for the calendar year 1972. Decision will be entered under Rule 155.
Footnotes
1. All references are to the Internal Revenue Code of 1954. ↩
2. Sec. 152(e)(2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩